FILED
SUPERIOR COURT
OF GUAM

2024 FEB 19 AM 9: 41

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| | Criminal Case No. CF0011-21 and CF0586-20 |
| vs. | |
| DANNY VINCENT RODRIGUEZ, (aka Daniel Vincent Rodriguez) DOB: 09/03/1958 | **DECISION AND ORDER** (Motion for Judgment of Acquittal) |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 8, 2024, during the trial of Danny Vincent Rodriguez's ("Defendant") Motion for Judgment of Acquittal. Curtis C. Van de veld appeared for Defendant. Assistant Attorney Christine Santos Tenorio appeared for the People of Guam ("People'). Based on the relevant law and authorities the Court now issues the following decision and order **REJECTING** Defendant's Motion for Judgment of Acquittal.

## BACKGROUND

On January 28th, 2021, Defendant was indicted and charged with three counts of First Degree Criminal Sexual Conduct (As a 1st Degree Felony) and nine counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). Indictment (January 28, 2021). Trial commenced on December 12, 2023. At the close of the People's case-in-chief and the close of all the evidence in the case, Defendant moved for a Judgement of Acquittal, arguing that there

was insufficient evidence of sexual contact and that the indictment raised duplicity concerns. Both parties were allowed to brief the issues raised and submitted said briefs on February 12, 2024.

## DISCUSSION

The court on motion of a defendant or on its own motion, "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. §100.10 (2005). The Court "must review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *People v. Quinta*, 1999 Guam 6 ¶ 8. "If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this court] must find the case was properly submitted to the jury." *People v. Taisacan*, 2018 Guam 23 ¶ 17 (quoting *People v. Song*, 2012 Guam 21 ¶ 29).

### A. The evidence regarding sexual contact is sufficient

Defendant contends that, regarding the Second Charge, Count Ten of Second Degree Criminal Sexual Conduct (As a First Degree Felony), "there is no possibility that a rational trier of fact could find that the essential elements of the crime can be found to be proven beyond a reasonable doubt." Def.'s Written Brief in Supp. of Mot. for Judgm. of Acquittal (February 12, 2024) ¶ 4. Criminal Sexual Conduct requires as proof of an element of the offense, evidence satisfying the definition of *Sexual Contact*, defined as "the intentional touching of the victim's or actor's intimate parts or the touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as

being for the purpose of sexual arousal or gratification." 9 G.C.A. § 25.10(a)(8). Defendant asserts that the evidence of sexual contact is insufficient regarding (1) the intentional touching of the victim's or actor's intimate parts and (2) sexual arousal or gratification. Def.'s Written Brief in Supp. of Mot. for Judgm. of Acquittal (February 12, 2024).

### a. There is sufficient evidence of intentional touching of the victim's or actor's intimate parts

Defendant claims that the touching was limited to a massage and did not involve the touching of intimate parts or intimate areas. *Id.* ¶ 4. Conversely, the People argue that the victim of the specific charge, A.J.S.P., "testified on direct examination that the Defendant massaged her, which culminated in the touching of her vagina." Ppl.'s Opp. to Def.'s Mot. for Judgm. of Acquittal (February 13, 2024) ¶ 2. Further, A.J.S.P. demonstrated this action "by turning around and showing the jury where her hands were." *Id.* Upon review of the record, the Court can confirm that the jury heard testimony that the Defendant touched the victim's vagina. Therefore, reviewing the evidence in a light most favorable to the People, there is sufficient evidence of intentional touching of the victim's or actor's intimate parts.

### b. There is sufficient evidence of sexual arousal or gratification

Defendant contends that "no rational jury could find on these facts the required *mens* rea of contact for 'sexual gratification.'" Def.'s Written Brief in Supp. of Mot. for Judgm. of Acquittal (February 12, 2024) ¶ 4. The Defense does not cite a single case to support this contention. Conversely, the People cite several cases in their opposition: "As to the element of sexual gratification, in criminal sexual conduct cases involving sexual contact, 'specific evidence of sexual arousal or gratification is not required.' *People v. Callahan*, 2022 Guam 3 ¶ 20. 'In determining whether actions are done for sexual arousal or gratification, the trier of fact may

infer motivation based on the defendant's actions.' *People v. Enriquez,* 2014 Guam 11 ¶ 28." Ppl.'s Opp. to Def.'s Mot. for Judgm. of Acquittal (February 13, 2024) ¶ 3. Finally, in *People v. Morales,* "this court found sufficient evidence of sexual arousal or gratification when the child victim testified that the defendant touched her breast, vagina, and buttocks." *Id.,* citing 2022 Guam 1 ¶ 76. Given the finding above regarding intentional touching of the victim, this Court finds that sexual arousal or gratification can be inferred. Thus, there is sufficient evidence of sexual arousal or gratification.

### c. The People will include the definition of 'sexual gratification'

Further, Defendant claims that the Second Charge, Count Ten is not properly pleaded, because it does not include the definition of the phrase 'sexual gratification.' Def.'s Written Brief in Supp. of Mot. for Judgm. of Acquittal (February 12, 2024) ¶ 4. An indictment which "tracks the words of a statute charging the offense is sufficient as long as the words unambiguously set forth all the elements of the offense. *See People of Guam v. Torres,* 2014 Guam 8 ¶ 20 (citing *People of Guam v Jones,* 2006 Guam 13 ¶ 23). It appears that Defendant does not believe that the phrase 'sexual gratification' is unambiguous, and thus needs a definition. *Id.* The People argue that "indictments that track the language of the statute are considered sufficient," but agree to include the definition of 'sexual gratification.' Ppl.'s Opp. to Def.'s Mot. for Judgm. of Acquittal (February 13, 2024) ¶ 3. Because the People agree to the above, the Court declines to make a decision about whether the definition of a particular phrase in the elements of a charge is necessary for a proper pleading.

## B. The danger of duplicity can be cured with proper jury instruction

Finally, Defendant argues that because time is not an element of criminal sexual conduct[1], "there are not facts to distinguish one charge from another," raising the danger of duplicity and preventing the jury from rendering a unanimous verdict as required by law. Def.'s Written Brief in Supp. of Mot. for Judgm. of Acquittal (February 12, 2024) ¶ 9. This Court has found that "Guam law requires a jury's verdict to be unanimous." *See People v. Quenga*, 2015 Guam 39 ¶ 11 (citing 8 GCA §105.30(a)(2005)). Further, "an indictment is considered duplicitous if a single count combines two or more different offenses. A danger of duplicity is that a jury could find a defendant guilty on a count without reaching a unanimous verdict on the commission of an offense." *Id.* ¶ 11 (citing *United States v. Renteria*, 557 F.3d 1003, 1007-08 (9th Cir. 2009)). Normally, duplicity issues arise when a statute specifies two or more ways in which an offense may be committed, and this Court has found that criminal sexual conduct ("CSC") charges generally are not duplicitous when each count alleges a single offense. *See People v. Quenga*, 2015 Guam 39 ¶ 12.

Here, each CSC charge only alleges a single offense, so typically there would not be a concern; however, Defendant points out that, under Guam law, "time is not considered an essential element of criminal sexual conduct." *People v. Campbell*, 2006 Guam 14 ¶ 27. In Guam, "where time is not an element of a crime, proof of any date before the return of the indictment and within the statute of limitations is sufficient to support a conviction." *People v. Taisacan*, 2018 Guam 23 ¶ 28; *Taitano*, 2015 Guam 33 ¶ 16 quoting *People v. Atoigue* 1992 WL 245628. Thus, Defendant argues that reliance on *Campbell* will result in overlapping timelines for the CSC charges, creating novel duplicity concerns. Def.'s Written Brief in Supp. of Mot. for

---

[1] *People of Guam v. Campbell*, 2006 Guam 14 ¶ 17.

Judgm. of Acquittal (February 12, 2024) ¶ 13. Defendant points to a 9th Circuit case, cited by this Court in *Quenga*, where the unanimity requirement for a conviction could not be discerned, because "Counts II and III were identical [and it was] possible that some jurors believed Count III referred to the first alleged incident of breast touching while others may have believed Count III referred to the second alleged incident of breast touching." *Id.* ¶ 13) (citing *People of the Territory of Guam v. Albert Muna*, 110 F.3d 69 (1997)). Like in *Muna*, the facts in this case do run the risk of confusing the jurors over which incidents they are ruling on, potentially undermining the jury's ability to form unanimous consent.

The People distinguish *Muna*, however, because it "involved charges occurring on the same day, with no distinguishing language between them." Ppl.'s Opp. to Def.'s Mot. for Judgm. of Acquittal (February 13, 2024) ¶ 4. Further, the People argue that "while time and location are not essential elements of CSC, time and location via testimony can be used to distinguish the counts." *Id.* (citing *People v. Callahan*, 2022 Guam 13 ¶ 26). Further, in *People v. Riosen*, this Court held "that in cases of repeat sexual abuse of a child, a 'separate instance' of penetration can be shown by tying each count to a salient fact in the victim's life." *People v. Riosen*, 2023 Guam 23 ¶ 26. Thus, in order to address Defendant's duplicity concerns, "the People agree that the jury instruction regarding the time should say that the jury cannot find that the charges overlap with each other, except in the case of the cunnilingus and corresponding mouth to primary genital area charges." Ppl.'s Opp. to Def.'s Mot. for Judgm. of Acquittal (February 13, 2024) ¶ 4. Given the holdings in *Riosen* and *Callahan*, this Court agrees that Defendant's duplicity concerns can be cured with proper jury instruction.

## CONCLUSION AND ORDER

For the reasons above, the Court **REJECTS** Defendant's Motion for Judgment of Acquittal and **ORDERS** that the parties provide the discussed jury instructions.

SO ORDERED, this ___19___ day of ___February___ 2024.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam